# United States Court of Appeals for the Federal Circuit

---

## IN RE VIOLATION OF RULE 38

---

Miscellaneous Docket No. 981

---

Appeal from the United States Court of Federal Claims in case no. 05-CV-162, Judge Mary Ellen Coster Williams.

---

Before GAJARSA, LINN, and MOORE, *Circuit Judges.*

PER CURIAM.

### O R D E R

Underwood Livestock, Inc. ("Underwood") appealed from a decision of the Court of Federal Claims ("Claims Court") granting the government's motion for summary judgment that Underwood cannot establish a property interest in a destroyed tire dam structure because of issue preclusion. The relevant facts of this case and the court's decision on the merits are detailed in this court's opinion affirming the decision of the Claims Court. *Underwood Livestock, Inc. v. United States*, No. 2010-5072 (Mar. 31, 2011). This court previously found Underwood's appeal to be both frivolous as filed and frivolous as argued; sanctioned Martin G. Crowley ("Crowley"), counsel for Underwood, in the amount of the government's attorney fees and costs in defending this appeal; and instructed the parties to file supplemental briefing as to the amount and reasonableness of the government's fees and costs. *In re*

*Violation of Rule 38*, No. 2011-M981 (April 25, 2011). Having considered the submissions of the parties, this court awards a lump-sum sanction of $8,000 in lieu of calculating the government's actual costs and attorney fees.

I.

The government has filed a request for $22,454.24 in attorney fees and costs incurred in the defense of this appeal. This amount consists of $7,897.22 in direct labor costs and $14,557.02 in indirect costs.

The government arrived at a direct labor cost figure for each attorney or paralegal that worked on this appeal by first calculating that employee's hourly rate. *Application for Attorney Fees and Expenses* ("Fee Request") at 3. The hourly rate was calculated by taking that employee's annual salary and dividing it by 2087, the number of work-hours in a year. *Id.* This rate was then multiplied by the hours spent working on this case to determine the direct labor costs per employee. *Id.* The government explained that indirect costs are those costs which are incurred to support attorneys in the Environmental and Natural Resource Division at the United States Department of Justice, such as secretarial support, compensated absences, fringe benefits, office space, utilities, supplies, and training. *Id.* Rather than providing specifics, the government simply explained that "if .5% of the total . . . direct labor costs are incurred on a particular case, then .5% of the total . . . indirect costs would be allocated to the case" and concluded that the total indirect costs associated with this appeal are $14,557.02. *Id.* at 4. Finally, the government contended that based on 167 hours of attorney and non-attorney work on this matter, the effective per hour cost of the appeal worked out to $134.46, an amount far lower than the customary rate charged by private practice attorneys performing similar work in the Washington, D.C. area. *Id.* at 3-4.

The government argues that "[a]lthough the legal issues involved in this appeal are relatively simple, the case's factual and procedural history are [sic] not." *Fee Request* at 4. Because this case involved a land claim dating to 1917 that had been the subject of three lawsuits in Federal Court, as well as proceedings before the Bureau of Land Management and the Interior Board of Land Appeals, counsel for the government claims to have spent a considerable amount of time becoming familiar with the case's long history. *Id.* at 4-5. Furthermore, the government was also required to respond to the eight issues raised by Crowley on appeal. *Id.* at 5.

Crowley responds that the government's claimed number of hours spent working on the response brief for this appeal, at 167 hours, is "ludicrous." *Response to Application for Attorney Fees and Expenses* ("Response") at 2. Crowley contends that this figure is especially ridiculous when the government's response brief simply regurgitates the opinion of the Claims Court. *Id.* By comparison, Crowley claims to have recently completed a criminal appeal where he "came in cold"; reviewed evidence, pleadings, and trial transcripts; performed research; and prepared a docketing statement, appellant's brief, and appendix all within the course of 43 billable hours. *Id.* Finally, Crowley continues to advance arguments that this court erred in deeming this appeal frivolous both as filed and as argued. *Id.* at 5-6. According to Crowley, his work has twice before been declared frivolous, and both findings were reversed by the Ninth Circuit. *Id.* at 5.

## II.

"The purpose of awarding costs pursuant to Fed. R. App. P. 38 is to deter frivolous appeals and thus preserve the appellate calendar for cases worthy of consideration." *Abbs v. Principi*, 237 F.3d 1342, 1351 (Fed. Cir. 2001) (citation and quotation omitted). When a frivolous appeal is pursued against the government, "the judicial process is abused and the funds provided by Congress via the taxpayers to the Justice Department are wasted." *Id*; *Constant v. United States*, 929 F.2d 654, 659 (Fed. Cir. 1991) ("The Department of Justice has still been forced to expend time and effort in defending, and this court has still had to devote energy and resources to deciding, this wholly frivolous appeal."). A number of our sister circuits, when awarding attorney fees and costs in favor of the government under Fed. R. App. P. 38, have awarded a lump-sum to the government in lieu of calculating the actual attorney fees and costs incurred by the government. *See, e.g.*, *Wheeler v. Comm'r*, 528 F.3d 773, 783-84 (10th Cir. 2008).

## III.

Although Crowley is correct that the government's brief largely tracks the opinion of the Claims Court, he fails to acknowledge that the government also had to respond to the eight additional issues raised by Crowley on appeal, none of which played a role in the Claims Court's decision and each of which supported this court's determination that Crowley's appeal was both frivolous as filed and frivolous as argued. To the extent that there is any question about whether the government's investment in legal time was reasonable, courts generally resolve such doubts "in favor of the victim rather than the perpetrator of frivolous litigation." *Szopa v. United States*, 460 F.3d 884, 887 (7th Cir. 2006). Here, Crowley not only fails to come to grips with the consequences of his misconduct, he exacerbates the impropriety of his actions by attempting to reargue this court's frivolousness determi-

nation, a question not now before us. Crowley, both in responding to this court's order to show cause and in responding to the government's fee request, has yet to recognize the frivolousness of his actions or to accept any responsibility for the pursuit of this frivolous appeal.

This court therefore concludes that a sanction against Crowley is justified. Rather than engage in a fact-specific determination to resolve the dispute over the actual amount of attorney fees incurred in this case, this court instead elects to follow the practice of our sister circuits and award a lump-sum amount. *See Wheeler*, 528 F.3d at 783 n.6 (collecting cases); *Szopa*, 460 F.3d at 887 (imposing lump-sum sanctions on *pro se* repeat-offender of $8,000 in lieu of a specific calculation of attorney fees and costs); *Kyler v. Everson*, 442 F.3d 1251, 1253-54 (10th Cir. 2006) (imposing sanctions against *pro se* litigant for pursuing frivolous appeal and awarding government a lump sum of $8,000 in lieu of a specific calculation of attorney fees and costs). A lump sum award of $8,000 is determined to be an appropriate sanction for the bringing of this frivolous appeal, will serve as an effective deterrent to the bringing of future frivolous appeals, and reasonably compensates the government for the cost of its defense.

Accordingly,

IT IS ORDERED THAT:

(1) Crowley is ordered to pay the government a lump-sum of $8,000 within 30 days of the date of this order.

FOR THE COURT,


June 7, 2011                    /s/ Jan Horbaly
    Date                       Jan Horbaly
                               Clerk

cc:  Martin G. Crowley, Esq.
     Kurt G. Kastorf, Esq.