# United States Court of Appeals
# for the Federal Circuit

---

**ANDRE WALKER,**

*Plaintiff-Appellant*

v.

**HEALTH INTERNATIONAL CORPORATION, A FLORIDA CORPORATION, HSN INC., A DELAWARE CORPORATION, HSN INTERACTIVE LLC, A DELAWARE CORPORATION,**

*Defendants-Appellees*

---

2015-1676

---

Appeal from the United States District Court for the District of Colorado in No. 1:12-cv-03256-WJM-KLM, Judge William J. Martínez.

---

Decided: January 6, 2017

---

RAMON PIZARRO, Law Office of Ramon L. Pizarro, Denver, CO, argued for plaintiff-appellant.

DANIEL P. DIETRICH, Burr & Forman LLP, Tampa, FL, argued for defendants-appellees. Also represented by RYAN MARK CORBETT.

---

Before REYNA, HUGHES, and STOLL, *Circuit Judges.*

REYNA, *Circuit Judge*.

Andre Walker appeals from the final judgment of the United States District Court for the District of Colorado awarding sanctions for Walker's vexatious actions in continuing to litigate after the parties settled all claims. ECF No. 192[1] (Apr. 27, 2015 final judgment awarding attorneys' fees as sanctions).[2] Defendants Health International Corporation, HSN Inc., and HSN Interactive LLC (collectively, "HSN") claim that Walker's appeal is itself frivolous and move for an award of damages and double costs under Federal Rule of Appellate Procedure 38. App. Dkt. 57. We *affirm* the district court's judgment. Additionally, we find Walker's appeal to be frivolous, both as filed and as argued, and *grant* HSN's motion for sanctions.

## BACKGROUND

### District Court Proceedings

Andre Walker filed suit against various defendants on December 14, 2012 alleging infringement of U.S. Patent No. 7,090,627. Through discovery and motions, the case evolved until only HSN remained in the case.

On May 6, 2014, Walker and HSN, both represented by counsel, engaged in mediation. That same day, they entered into a hand-written Mediated Settlement Agree-

---

[1]    Citations to "ECF No." are to the district court docket and citations to "App. Dkt." are to the docket on appeal.

[2]    The district court dismissed the case on the merits prior to awarding sanctions. *See Walker v. Health Int'l Corp.*, No. 12-CV-3256-WJM-KLM, 2014 WL 3819487 (D. Colo. Aug. 4, 2014), ECF No. 180, *reconsideration denied*, 2015 WL 514912 (Feb. 6, 2015), ECF No. 187.

ment ("Agreement"). The Agreement required that HSN pay $200,000 to Walker within thirty days. Following payment of the $200,000, Walker became obligated to deliver a release to HSN and "by joint stipulation the parties to this agreement shall dismiss all claims between them with prejudice." J.A. 27.

On May 9, HSN filed a Motion to Stay Deadlines based on the Agreement "that resolves all claims asserted between the parties" and requested that all case deadlines be postponed for thirty days in order to effectuate the settlement. ECF No. 140. Walker opposed the motion, stating that HSN's allegation that the Agreement resolved all claims was "simply incorrect." ECF No. 141. He acknowledged "significant progress" but claimed that "there are significant issues that remain to be resolved, and which may require the filing of an amended complaint." *Id.*

The district court denied HSN's motion "given the apparent disagreement among the parties as to whether a final resolution of all claims has been achieved." ECF No. 142. On May 12, HSN sought reconsideration of the denial of its motion by filing, under seal, the Agreement and a memorandum arguing that all claims were resolved under the terms of the Agreement. ECF Nos. 144–146.

A series of related motions and oppositions were filed over the next four weeks.[3] On May 13, Walker moved to amend and file a Third Amended Complaint, which HSN opposed. ECF Nos. 147, 152. On May 16, HSN filed a Motion to Extend Deadlines, explaining that, "[p]ursuant to the Agreement, all claims asserted between the parties in this matter were resolved." ECF No. 153. That same

---

[3] This narrative does not include all filings and orders, a list of which is available in the district court docket. *See* J.A. 417–437.

day, Walker filed a Motion for Order to Set *Markman* Hearing. ECF No. 154. On May 22, Walker opposed the filing of the Agreement. ECF No. 158. On May 29, HSN filed a Motion to Enforce Mediated Settlement Agreement. ECF No. 163. As an exhibit to its Motion to Enforce, HSN attached correspondence from Walker's coun-counsel acknowledging that the case was settled, but requesting additional discovery. Email from David Furtado to Daniel Dietrich (May 19, 2014), ECF No. 163-1 ("I am aware we have settled this matter. In order to complete the settlement my client wishes to receive a cd of the data the the [*sic*] sales figures [provided at the mediation] were created using."). Both the HSN May 14 Opposition to the request to amend and the May 29 Motion to Enforce included conclusory requests for attorneys' fees and costs. ECF Nos. 152, 163.

On June 2, 2014, prior to receiving any payment from HSN, Walker executed and delivered a general release of all claims against HSN. HSN's counsel forwarded payment of the $200,000 on the same day. *See* Walker's Request for Reconsideration 9, ECF No. 183 (indicating that payment was forwarded June 2, 2014). On June 6, Walker filed an Opposition to the Motion to Enforce and then, on June 13, filed a motion requesting that attorneys' fees be denied and the case be dismissed with the district court retaining jurisdiction over the Agreement. ECF Nos. 164, 165. On June 16, HSN filed a formal Motion for Sanctions based on Walker's "meritless filings [that] forced [HSN] to continue to litigate this matter and waste resources on a matter that has been fully resolved" and moved for dismissal with the district court retaining jurisdiction over its request for attorneys' fees. ECF Nos. 166–168. Walker filed an Opposition to HSN's Motion for Sanctions on June 30. ECF No. 176. The district court referred the parties to a Magistrate Judge for a status conference on the numerous pending motions. ECF No. 169. At a July 2 status conference, both parties

agreed the case should be dismissed, but disagreed about whether, and over what, the district court retained jurisdiction. ECF No. 177.

On August 4, 2014, the district court dismissed all claims and found "that Plaintiff's actions have unnecessarily multiplied the proceedings at a time when the underlying claims have admittedly been resolved. These actions [were] not supported by any justifiable litigation strategy, particularly given Plaintiff's current position that the case should be dismissed." *Walker*, 2014 WL 3819487, at *3. The court awarded HSN "reasonable attorneys' fees and costs resulting from Plaintiff's vexatious actions after the filing of the Notice of Settlement (ECF No. 140)" and ordered HSN to file documentation supporting its claim for damages. *Id.* The court denied the remaining nine motions as moot. *Id.*

On August 14, Walker sought reconsideration of the district court's grant of dismissal and, on August 22, HSN filed an Affidavit of Fees. ECF Nos. 183, 184. The district court denied the motion for reconsideration on February 6, 2015. ECF No. 187. Only thereafter, on February 16, did Walker file an Objection to the claimed fees, which HSN moved to strike as untimely. The district court agreed with HSN and struck Walker's Objection. ECF Nos. 188–190.

On April 27, 2015, the district court entered final judgment awarding HSN $20,511.50 in attorneys' fees because Walker's "litigation conduct after entering into the Agreement was vexatious and had unnecessarily multiplied the proceedings." ECF Nos. 191–192.

On May 14, Walker filed a Statement purporting to "clarify issues for appeal." ECF No. 193. On May 21, he filed a Motion to Stay Execution of Judgment and for Waiver of Bond. ECF No. 195. On October 5, the district court granted Walker's Motion to Stay but denied his request for a bond waiver. ECF No. 203.

Walker appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

Proceedings on Appeal

Walker appeals the district court's April 27, 2015 Judgment Awarding Attorneys' Fees in which the district court awarded HSN $20,511.50 in attorneys' fees plus costs. ECF No. 192.

The parties briefed this appeal throughout the latter half of 2015. On December 7, 2015, HSN filed a Motion for Sanctions, requesting attorneys' fees and double costs pursuant to Federal Rule of Appellate Procedure 38, which Walker opposed. App. Dkts. 57–58. Oral arguments were heard on April 4, 2016. At the conclusion of oral arguments, we ordered Walker to show cause within thirty days why we should not issue sanctions. Oral Arg. Tr. at 23:15, http://oralarguments.cafc.uscourts.gov/default.aspx?fl=2015-1676.mp3.

The next day, we ordered HSN to file documentation supporting damages and granted Walker leave to object. App. Dkt. 72. On April 25, 2016, HSN filed documentation supporting its request of $48,482.50 in attorneys' fees and $3,319.38 in double costs. App. Dkt. 73. On May 9, 2016, Walker filed a Notice Regarding Objections that stated in full, "Appellant has paid the full amount requested. Accordingly any objection is moot." App. Dkt. 74. However, the parties have not indicated that they settled the dispute regarding sanctions on appeal or the underlying sanctions granted by the district court.

DISCUSSION

I

The Supreme Court has recognized the federal courts' inherent, equitable power to "award attorneys' fees when the interests of justice so require." *Hall v. Cole*, 412 U.S. 1, 5 (1973). Such an award is within the court's discretion

when a party "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* (quotation marks and citations omitted).

In reviewing a district court's fee award, we apply the law of the regional circuit, in this case the Tenth Circuit. *See, e.g.*, *Pickholtz v. Rainbow Techs., Inc.*, 284 F.3d 1365, 1371 (Fed. Cir. 2002). In the Tenth Circuit, a district court may equitably award attorney's fees when "the opponent in litigation has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Ryan v. Hatfield*, 578 F.2d 275, 277 (10th Cir. 1978) (quotation marks and citation omitted). "[T]he trial court has discretion and will be reversed only in circumstances which do not show a reasonable ground for the conclusion that vexatiousness existed." *Id.*

The court's authority to award attorneys' fees and costs as sanctions under Federal Rule of Appellate Procedure 38 is linked to the merits of, and the party's conduct during, the appeal. Rule 38 provides that "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." We recognize two related ways that an appeal can be frivolous under Rule 38. First, an appeal is frivolous as filed when "the judgment by the tribunal below was so plainly correct and the legal authority contrary to appellant's position so clear that there really is no appealable issue." *State Indus., Inc. v. Mor-Flo Indus., Inc.*, 948 F.2d 1573, 1578 (Fed. Cir. 1991) (quoting *Finch v. Hughes Aircraft Co.*, 926 F.2d 1574, 1579–80 (Fed. Cir. 1991)). Second, an appeal is frivolous as argued when "the appellant's misconduct in arguing the appeal" justifies such a holding. *Id.* (quoting *Romala Corp. v. United States*, 927 F.2d 1219, 1222 (Fed. Cir. 1991)). Such misconduct can include manufacturing arguments "by distorting the record, by disregarding or mischaracterizing the clear authority

against its position, and by attempting to draw illogical deductions from the facts and the law." *Id.* at 1579.

## II

### District Court Proceedings

Walker first argues that the district court erred in awarding fees without "findings of subjective bad faith" and therefore must be reversed "due to the lack of factual support for the [district] court's conclusions." Walker Br. 11. This argument mischaracterizes clear authority. Federal courts may award damages under their equitable powers when litigants have acted "in bad faith, vexatiously, wantonly, *or* for oppressive reasons." *Hall*, 412 U.S. at 5 (emphasis added). The district court made detailed findings that Walker's actions after the settlement were "vexatious" and sufficient for awarding fees. *Walker*, 2014 WL 3819487, at *3. We find ample support in the record for the district court's conclusion of vexatiousness. Primarily, the Agreement unambiguously resolved "all claims" and clearly dismissed the suit with prejudice upon HSN's payment of $200,000. The district court correctly concluded that there remained no legitimate reason to continue litigation once the parties entered into a comprehensive settlement of all claims.

Walker next argues that the district court lacked authority to strike his Objection to the award of attorneys' fees as untimely because "motions, briefs, memoranda, objections or affidavits may not be attacked by a motion to strike." Walker Br. 14–15 (citing 2-12 *Moore's Federal Practice - Civil* § 12.37 (2015)). Even if Rule 12(f) motions are not appropriate means to attack filings other than pleadings, which we need not resolve, it does not logically follow that the district court lacked authority to deny Walker's Objection.

Walker's Objection failed to challenge the reasonableness of the fees claimed; instead, it improperly re-raised

the same arguments raised in his Response to the sanctions motion and his Motion for Reconsideration. *Compare* ECF No. 176, at 4 ("The Agreement recognizes that at least two additional issues needed to be resolved by the parties.") *and* ECF No. 183, at 2 ("[T]he Agreement recognized that . . . an additional release was still required."), *with* ECF No. 188 at 7 ("Plaintiff maintains that it . . . wanted that all of the requirements listed in the [Agreement] be completed."). The district court had already considered and rejected these arguments, so it had authority to strike the Objection as "redundant." D.C.COLO.LCivR 7.1(i).[4] Further, because the district court already had considered the same arguments, its decision not to hear them again was not a denial of due process and did not otherwise affect Walker's "substantial rights." 28 U.S.C. § 2111; *see also Grannis v. Ordean*, 234 U.S. 385, 394 (1914) ("The fundamental requisite of due process of law is the opportunity to be heard."); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (motions for reconsideration are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing"). Walker fails to persuade us that even if such error occurred, the result might have been different. *See SmithKline Diagnostics, Inc. v. Helena Labs. Corp.*, 859 F.2d 878, 892 (Fed. Cir. 1988) ("On appeal it is [Appellant's] burden to show not only that the district court erred, but also to persuade this court that had such error not occurred the result might have been different."). Walker's Objection was merely an attempt to re-argue positions. The district court correctly rejected them, and reversible error cannot

---

[4] The district court had authority to simply deny Walker's Objection as untimely because it was filed more than 21 days after HSN filed its Affidavit of Fees. *See* ECF No. 188 (February 16, 2015); ECF No. 184 (August 22, 2014); D.C.COLO.LCivR 7.1(d).

flow from a district court's determination not to rehear meritless arguments.

Walker's third argument is that the district court lacked jurisdiction because the case should have been dismissed either because of the Agreement or once the parties agreed at the status conference that the case should be dismissed.  Walker Br. 16 (citing *Smith v. Phillips*, 881 F.2d 902, 904 (10th Cir. 1989) ("A voluntary dismissal by stipulation under [Fed. R. Civ. P.] 41(a)(1)(ii) is of right, cannot be conditioned by the court, and does not call for the exercise of any discretion on the part of the court.")).[5]  Under Federal Rule of Civil Procedure 41, "the plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared."  Fed. R. Civ. P. 41(a)(1)(A)(ii).  In this case, joint stipulation of dismissal was not filed, and contrary to Walker's position, *see* Walker Br. 15, the Agreement does not itself stipulate to dismissal, but instead explicitly calls for the parties to file a separate joint stipulation after a condition precedent is met.  Here, the $200,000 was paid for the release.  J.A. 27.  In any event, after the merits of a case are dismissed, a district court retains jurisdiction over whether to grant sanctions. *See, e.g.*, *Griffen v. Oklahoma City*, 3 F.3d 336, 338, 340 (10th Cir. 1993) (remanding for consideration of a sanctions motion filed after final judgment had been entered on the merits of all claims).

Proceedings on Appeal

On appeal, Walker argues that the award of fees was improper because he was the "prevailing party" in the

---

[5]   This position is contrary to Mr. Walker's position before the district court that it "should retain jurisdiction over the case for the purpose of enforcing the settlement agreement."  J.A. 60.

lawsuit by compelling a "voluntary change" in HSN's conduct. Walker Br. 12. In support, Walker cites *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598, 601 (2001). But *Buckhannon* states the opposite of Walker's position. There, the Court explicitly rejected the so-called "catalyst theory" of attorney fee recovery Walker invokes here. 532 U.S. at 610 ("[W]e hold that the 'catalyst theory' is not a permissible basis for the award of attorney's fees under the [Fair Housing Amendments Act]."). Even after HSN pointed out Walker's mischaracterization of clear authority, he continued to press this frivolous argument and reiterated it at oral argument. *See* Reply Br. 23.

Walker also raises new arguments in his Reply amounting to baseless accusations against opposing counsel. Walker argues that HSN's counsel violated Colorado Rule of Professional Conduct 1.3 by failing to immediately notify him that HSN had tendered the settlement payment to its counsel. Reply Br. 22. Walker failed to raise this argument in his opening brief, so it is waived. *See Becton Dickinson & Co. v. C.R. Bard, Inc.*, 922 F.2d 792, 800 (Fed. Cir. 1990) ("[A]n issue not raised by an appellant in its opening brief . . . is waived."). But we address the argument to illustrate Walker's bent to mischaracterize clear authority and to draw illogical conclusions from the law and facts.

Rule 1.3 unambiguously requires attorneys to protect their own clients' interests. It provides that "[a] lawyer shall act with reasonable diligence and promptness in *representing a client*." Colo. R. of Prof'l Conduct (2014) (emphasis added). Walker argues that the rule exists to protect him, and that opposing counsel's delay in tendering payment "was in fact vexatious" because "unreasonable delay can cause a client needless anxiety and undermine confidence in the lawyer's trustworthiness." Reply Br. 22 (quoting Rule 1.3 cmt. [3]). Rule 1.3's text

and appended comments are antithetical to Walker's position. *See, e.g.*, Colo. R. of Prof'l Conduct R. 1.3 cmt. [1] ("[A] lawyer may have authority to exercise professional discretion in determining the means by which a matter should be pursued."). HSN's counsel satisfied the mandates of Rule 1.3 by forwarding payment within the 30-day period provided for in the Agreement, thereby diligently protecting HSN's "interests" and HSN's "legal position." *Id.* cmt. [3]. Walker's implausible reading is contrary to the Rule's explicit language and leads to illogical conclusions. As such, the positions taken by Walker on appeal in the briefs and at oral argument were frivolous.

## III

This court has long disdained the filing of frivolous appeals. "The filing of and proceeding with clearly frivolous appeals constitutes an unnecessary and unjustifiable burden on already overcrowded courts, diminishes the opportunity for careful, unpressured consideration of nonfrivolous appeals, and delays access to the courts of persons with truly deserving causes." *Asberry v. U.S. Postal Serv.*, 692 F.2d 1378, 1382 (Fed. Cir. 1982). Frivolous appeals waste both the public resources supplied to this court and the resources of prevailing litigants that must defend such frivolous actions.

This appeal was frivolous as filed. The record lacks any support for Walker's attempts to frustrate the comprehensive settlement by prolonging litigation. In the absence of such support, the district court's conclusion that Walker's actions were vexatious provides a reasonable basis for the award of attorneys' fees. *See Finch*, 926 F.2d at 1580; *Ryan*, 578 F.2d at 277.

Walker's numerous mischaracterizations of clear authority in arguing the appeal also makes this case frivolous as argued. *See Mor-Flo Indus.*, 948 F.2d at 1579. Particularly troubling are Walker's baseless assertions of

misconduct against his opposing counsel and continued misrepresentation of clear, binding Supreme Court precedent even after the distortion was pointed out by opposing counsel. The continued misrepresentation standing alone is a very serious matter that could warrant sanctions. *Id.* at 1580.

We do not treat such misconduct lightly for good reason. "Where a party blindly disregards long established authority and raises arguments with no factual foundation, . . . the judicial process has not been used, but abused, and sanctions under Rule 38 are warranted." *Octocom Sys., Inc. v. Hous. Comput. Servs.*, Inc., 918 F.2d 937, 943 (Fed. Cir. 1990). Attempts to mislead the court in a frivolous appeal further compound the wasted resources because the court and opposition are forced to devote extra resources to sorting through half-truths and misused legal authority in an appeal that never should have been filed in the first place. "Sanctions are awarded to compensate the victimized party for the burden of continued litigation in what long ago [was] a settled matter, as well as to discourage frivolous appeals which unnecessarily clog our docket." *Mor-Flo Indus.*, 948 F.2d at 1582.

In keeping with this court's longstanding policy of enforcing Rule 38 vigorously, we exercise our discretion to impose sanctions in the full amount of HSN's request. *See* Practice Note to Fed. R. App. P. 38 in Fed. Cir. Rules. We find that the unopposed fees and costs HSN requests are reasonable. *See Mor-Flo Indus.*, 948 F.2d at 1582 ("Judges have experience in determining what are reasonable hours and reasonable fees for the work lawyers perform and may rely on that experience to set an award."). Because of Walker's misconduct in arguing the appeal, "we consider the attorney who wrote and signed the briefs to be equally responsible." *Id.* We therefore hold Walker's counsel jointly and severally liable for the damages we assess.

## IV

The judgment of the district court is affirmed. Additionally, because there is no reasonable basis for reversal and Walker's arguments repeatedly distort controlling law, we grant HSN's motion for sanctions. Damages are awarded to HSN for its attorneys' fees and double costs in the amount of $51,801.88.

**AFFIRMED**

Costs

Costs to HSN.