NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————————

**EDWARD KENNEDY,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

———————————————

2018-2245

———————————————

Appeal from the United States Court of Federal Claims in No. 1:18-cv-00841-MMS, Chief Judge Margaret M. Sweeney

———————————————

Decided: January 15, 2019

———————————————

EDWARD KENNEDY, Breinigsville, PA, pro se.

SEAN LYNDEN KING, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JOSEPH H. HUNT, DEBORAH ANN BYNUM, ROBERT EDWARD KIRSCHMAN, JR.

———————————————

Before PROST, *Chief Judge,* LOURIE and STOLL, *Circuit Judges.*

PER CURIAM.

Edward Kennedy appeals from the judgment of the Court of Federal Claims (the "Claims Court") dismissing his complaint for lack of subject matter jurisdiction. *Kennedy v. United States*, 138 Fed. Cl. 611 (2018) ("*Decision*"). This appeal arises out of one of the nine complaints filed by Kennedy at the Claims Court in June and July of 2018. *See Kennedy v. United States*, No. 18-1029C, ECF No. 5, slip op. at 1–4 (Fed. Cl. July 26, 2018) (summarizing cases). In this case, Kennedy alleges claims of trespass, trespass on the case, failure to provide a republican form of government, trover, a violation of 12 U.S.C. § 411, and "constructive financial imprisonment," App. 16, among others. Named as defendants are the United States, the Department of the Treasury, the Federal Reserve Bank of New York, and the State of Texas, along with several other individuals, federal agencies, and private organizations.

In its decision, the Claims Court carefully examined each of Kennedy's claims and concluded that it did not have subject matter jurisdiction over any of them. *Decision*, 138 Fed. Cl. at 617–19 (explaining that the Claims Court lacks jurisdiction over claims against defendants other than the United States, tort claims, civil rights claims, criminal claims, and collateral attacks against unspecified district court decisions); *see* 28 U.S.C. § 1491(a)(1) ("The [Claims Court] shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."). As for Kennedy's claim that 12 U.S.C. § 411 (concerning issuance of Federal reserve

notes) entitled him to "demand lawful money at any time" from the defendants, the Claims Court found it frivolous on its face. *Decision*, 138 Fed. Cl. at 619. The Claims Court thus dismissed Kennedy's complaint without prejudice for lack of subject matter jurisdiction. *Id.* at 621.

Kennedy appealed and now asks us to reinstate his case with a different judge. Kennedy faults the Claims Court for ignoring the "Law of the Case," an exhibit attached to his complaint that includes generalized commentary on legal subjects, but provides no explanation how the Claims Court has jurisdiction over his case.

Under 28 U.S.C. § 1915(e)(2)(B)(i), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous." An appeal is frivolous "when the judgment by the tribunal below was so plainly correct and the legal authority contrary to appellant's position so clear that there really is no appealable issue." *Walker v. Health Int'l Corp.*, 845 F.3d 1148, 1154 (Fed. Cir. 2017) (internal quotation marks and citations omitted). We have already dismissed as frivolous three of Kennedy's appeals from the Claims Court asserting similar claims. *See Kennedy v. United States*, No. 18-2235, ECF No. 9 (Fed. Cir. Sep. 20, 2018); *Kennedy v. United States*, No. 18-2229, ECF No. 13 (Fed. Cir. Sep. 19, 2018); *Kennedy v. United States*, No. 18-2244, ECF No. 6 (Fed. Cir. Sep. 19, 2018). This appeal is no different. It raises nearly identical claims against a different cast of defendants. *See Kennedy*, No. 18-2235, slip op. at 2 (dismissing appeal as frivolous where the complaint alleged claims of trespass, failure to provide a republican form of government, "constructive financial imprisonment," and trover, among others).

The other claims, such as that concerning § 411, fare no better. Section 411 reads as follows:

> Federal reserve notes, to be issued at the discretion of the Board of Governors of the Federal Re-

serve System for the purpose of making advances to Federal reserve banks through the Federal reserve agents as hereinafter set forth and for no other purpose, are authorized. The said notes shall be obligations of the United States and shall be receivable by all national and member banks and Federal reserve banks and for all taxes, customs, and other public dues. They shall be redeemed in lawful money on demand at the Treasury Department of the United States, in the city of Washington, District of Columbia, or at any Federal Reserve bank.

12 U.S.C. § 411. We agree with the Claims Court that Kennedy's argument that § 411 entitles him to money on demand from entities like the Federal Reserve Bank of New York and other defendants is frivolous. *Decision*, 138 Fed. Cl. at 619. Likewise, Kennedy's general invocation of his attachment entitled "Law of the Case" offers no argument or possible explanation for how the Claims Court has jurisdiction over his various claims.

Having considered Kennedy's complaint and brief and the Claims Court's well-reasoned decision, we conclude that this appeal is frivolous and must be dismissed under § 1915(e)(2)(B)(i).

**DISMISSED**