# United States Court of Appeals for the Federal Circuit

---

**WESTECH AEROSOL CORPORATION,**
*Plaintiff-Appellant*

**v.**

**3M COMPANY, GTA-NHT, INC., DBA NORTHSTAR CHEMICAL,**
*Defendants-Appellees*

---

2018-1699

---

Appeal from the United States District Court for the Western District of Washington in No. 3:17-cv-05067-RBL, Judge Ronald B. Leighton.

---

Decided: July 5, 2019

---

MARK P. WALTERS, Lowe Graham Jones PLLC, Seattle, WA, argued for plaintiff-appellant.

PRATIK A. SHAH, Akin Gump Strauss Hauer & Feld LLP, Washington, DC, argued for defendants-appellees. Also represented by Z.W. JULIUS CHEN, RACHEL J. ELSBY; MICHAEL P. KAHN, MICHAEL NASSER PETEGORSKY, New York, NY.

---

Before LOURIE, MAYER, and REYNA, *Circuit Judges.*

REYNA, *Circuit Judge.*

Westech Aerosol Corporation appeals the decision of the United States District Court for the Western District of Washington granting 3M Company and GTA-NHT, Inc.'s motion to dismiss for improper venue. 3M Company and GTA-NHT, Inc. subsequently moved for attorneys' fees and double costs, arguing Westech Aerosol Corporation filed a frivolous appeal. Because the district court did not err in granting the motion to dismiss, we affirm. We also deny the motion for attorneys' fees and costs.

BACKGROUND

On January 27, 2017, Appellant Westech Aerosol Corporation ("Westech") filed suit in the Western District of Washington, alleging that Appellees 3M Company ("3M Co.") and GTA-NHT, Inc., d/b/a Northstar Chemical ("Northstar") (collectively, "3M Co.") infringed U.S. Patent No. 7,705,056 ("the '056 patent"). 3M moved to dismiss for failure to state a claim, which prompted Westech to file an amended complaint. 3M again moved to dismiss for failure to state a claim. While 3M's second motion to dismiss was pending, the Supreme Court issued its decision in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017), holding that for purposes of the patent venue statute, 28 U.S.C. § 1400(b), a corporation "resides" only in its state of incorporation. *Id.* at 1517.

In light of the Supreme Court's ruling in *TC Heartland*, 3M moved on May 25, 2017, to amend its pending motion to dismiss to include an argument that venue was improper in the Western District of Washington. The district court granted the motion to amend, and 3M filed an amended motion to dismiss on June 21, 2017, arguing that neither 3M nor Northstar had a regular and established place of business in the judicial district.

Westech responded to the amended motion to dismiss by conceding "that its original complaint does not assert

facts that support venue in this Court under the guidance of *TC Heartland.*" J.A. 453. Accordingly, in its response, Westech sought leave to amend its complaint "to assert facts sufficient under 28 U.S.C. § 1400(b)." *Id.* Westech also argued in its response, *inter alia*, that the presence of sales representatives and 3M's sales in Washington supported venue in the district and that 3M had a "principal place of business" and other business locations at various addresses in Washington. J.A. 453–54.

3M filed a reply supported by a declaration stating that at the time of the original complaint, 3M did not own, lease, use, or maintain property at any of the locations identified in Westech's response. The declaration, signed by a senior manager in 3M's Real Estate Department, further stated that 3M did not currently occupy any of the locations identified by Westech. Westech moved to strike 3M's reply and accompanying declaration because they discussed new information raised for the first time in 3M's reply.

The district court denied 3M's amended motion to dismiss without prejudice. In addressing the venue issue, the court agreed with 3M that a sales presence in the judicial district did not, by itself, satisfy the patent venue statute. The court, however, was persuaded that Westech could amend its complaint to allege proper venue, and therefore granted Westech leave to amend its complaint with a warning to do so "consistent with its Rule 11 obligations." J.A. 519.

Westech filed its second amended complaint on September 6, 2017. Instead of pleading facts to support proper venue, Westech parroted § 1400(b):

> Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) because Defendants have committed acts of infringement in this judicial district and 3M has one or more regular and established places of business in this judicial district. Furthermore, on information and belief, Defendants

maintain contractual relationships with distributors of the infringing products who are located in this judicial district, Defendants have sales representatives located in this judicial district, Defendants represent that they sell products in this judicial district, and Defendants earn substantial sales revenue from sales of the infringing products in this judicial district.

J.A. 521. Westech admits that it did not allege facts to support an allegation that Northstar had a regular and established place of business in the judicial district. Appellant's Br. 20.

On September 14, 2017, 3M once again moved to dismiss for improper venue. A few days later, this court issued its decision in *In re Cray Inc.*, which outlined the requirements for proper venue under 28 U.S.C. § 1400(b). 871 F.3d 1355, 1360 (Fed. Cir. 2017) (stating that § 1400(b) requires a defendant to have a physical place in the district that serves as a regular and established place of business). Relying in part on *Cray*, the district court agreed that venue was improper, stating that "[t]here is no factual basis upon which the Court can conclude that 3M has 'a regular and established' place of business in this District, and certainly no basis for concluding that Northstar does." J.A. 3. Accordingly, the court granted the motion to dismiss and dismissed the case without prejudice. J.A. 3–4. Westech timely appealed.

After Westech filed its opening brief on appeal, 3M moved for sanctions, requesting attorneys' fees and double costs. 3M contends that Westech's appeal is frivolous as filed because the district court's judgment is plainly correct in light of the fact that Westech failed to plead any facts supporting venue. 3M also asserts that Westech's appeal is frivolous as argued because Westech disregards the holdings in *Cray* and *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018).

We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## DISCUSSION

Westech frames its appeal as a question of the proper pleading standards for venue and contends that it pleaded facts sufficient to survive a motion to dismiss. 3M seeks sanctions under Federal Rule of Appellate Procedure 38 for attorneys' fees and double costs for having to defend Westech's "frivolous" appeal. We address each issue in turn.

### Venue

We review de novo the question of proper venue under 28 U.S.C. § 1400(b). *Accord Immigrant Assistance Project of L.A. Cty. Fed'n of Labor (AFL-CIO) v. I.N.S.*, 306 F.3d 842, 868 (9th Cir. 2002) (referencing the standard of review for venue under 28 U.S.C. § 1391(e)); *Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1191 (10th Cir. 1998) ("The district court's determination of where the action may be brought involves an interpretation of the venue statute and is, therefore, a question of law subject to de novo review.").

Two principles of patent venue law underlie our decision in this case. First, we held in *ZTE* that the plaintiff has the burden of establishing proper venue under 28 U.S.C. § 1400(b). 890 F.3d at 1013. Second, we held in *Cray* that venue under the patent statute is proper when the facts show that the defendant has a regular and established place of business physically located within the judicial district. 871 F.3d at 1360, 1364–67. Westech's second amended complaint fails to meet these standards.

Westech failed to plead *any* facts showing 3M had a regular and established place of business physically located in the Western District of Washington. Westech represented to the district court that it would allege facts in its second amended complaint showing that 3M was subject to

venue in the judicial district, but then failed to do so, despite the district court's Rule 11 warning. Given an opportunity to amend its complaint to support its venue allegations, Westech chose not to allege any *facts* in its subsequent second amended complaint to support proper venue.[1]

Westech, in effect, claims that in lieu of pleading facts, it is sufficient to parrot the language of § 1400(b). This is incorrect. Simply stating that 3M has a regular and established place of business within the judicial district, without more, amounts to a mere legal conclusion that the court is not bound to accept as true. *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (internal quotation marks omitted)). Westech's recitation of § 1400(b) is insufficient to survive a motion to dismiss for improper venue.

A presumption that facts pleaded in the complaint are true does not supplant a plaintiff's burden to plead specific facts showing that the defendant has a regular and established place of business physically located in the judicial district. *See Cray*, 871 F.3d at 1360, 1364–67. Here, Westech wholly failed to allege facts showing 3M had a regular and established place of business in the Western District of Washington.

We have considered Westech's remaining arguments and find them unpersuasive. Accordingly, we hold that the

---

[1] While Westech continued to allege facts regarding the presence of sales representatives within the judicial district, the district court had already ruled that having a sales presence alone does not establish venue under § 1400(b).

district court did not err in granting 3M's motion to dismiss.

## Motion for Sanctions

The merits of the appeal, and a party's conduct during appeal, drive whether attorneys' fees and costs should be awarded as sanctions under Federal Rule of Appellate Procedure 38. *Walker v. Health Int'l Corp.*, 845 F.3d 1148, 1154 (Fed. Cir. 2017). Rule 38 provides that "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Thus, this court has discretion over whether to impose sanctions. *Walker*, 845 F.3d at 1157 (stating "we exercise our discretion to impose sanctions").

An appeal can be frivolous in two ways: as filed and as argued. An appeal is frivolous as filed when "the judgment by the tribunal below was so plainly correct and the legal authority contrary to appellant's position so clear that there really is no appealable issue." *State Indus., Inc. v. Mor–Flo Indus., Inc.*, 948 F.2d 1573, 1578 (Fed. Cir. 1991) (quoting *Finch v. Hughes Aircraft Co.*, 926 F.2d 1574, 1579–80 (Fed. Cir. 1991)). An appeal is frivolous as argued when "the post-filing conduct of the litigant in arguing the appeal" is frivolous. *Id.* (quoting *Romala Corp. v. United States*, 927 F.2d 1219, 1222 (Fed. Cir. 1991)). For example, an appeal may be frivolous as argued when the appellant "distort[s] the record, by disregarding or misrepresenting the clear authority against its position, and by attempting to draw illogical deductions from the facts and the law." *Id.* at 1579.

We conclude that Westech's appeal, while lacking merit, is not frivolous as filed. It was highly imprudent of Westech to initiate an appeal in light of the district court's dismissal *without* prejudice and our holding in *Cray*, which was cited by the district court. As discussed above,

Westech alleged no facts in its second amended complaint to show venue was proper in the Western District of Washington despite the district court's admonition that Westech amend its complaint consistent with its Rule 11 obligations. But at the time of filing the appeal, the question of who had the burden to show the defendant had a regular and established place of business in the judicial district was not settled; our opinion in *ZTE* explicitly detailing the burden of the plaintiff to establish venue had not issued.

On the other hand, Westech's appeal is frivolous as argued. Westech disregards controlling law, here *Cray* and *ZTE*, despite being aware of both cases during pendency of this appeal. Westech cited *ZTE* in its opening brief and the district court explicitly discussed *Cray* in its judgment disposing of the case. In fact, *ZTE* discusses our holding in *Cray*. *ZTE*, 890 F.3d at 1014–15. Yet, Westech failed to cite *Cray* in its opening brief and asserts that *Cray* is not relevant to this appeal. Oral Arg. at 1:55–3:30 (Feb. 5, 2019), oralarguments.cafc.uscourts.gov/default.aspx?fl= 2018-1699.mp3. As discussed above, these cases are relevant and clearly contrary to Westech's position.

We do not however, believe such misconduct warrants sanctions under these circumstances. Westech's behavior on appeal borders on sanctionable, but we cannot fault Westech for pursuing an appeal when the question of who shoulders the burden of establishing proper venue under § 1400(b) had yet to be answered. It is due to the unique procedural posture here and the sequence of events in the evolution of this court's patent venue law that we deny 3M's motion for sanctions.

CONCLUSION

For the foregoing reasons, we hold the district court did not err in granting the motion to dismiss for improper venue. We also deny 3M's motion for sanctions.

**AFFIRMED**

COSTS

Costs awarded to 3M and Northstar consistent with Federal Rule of Appellate Procedure 39.