NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ALFRED PIRRI, JR.,**

*Plaintiff-Appellant*

**v.**

**LORI CHEEK, CHEEK'D, INC.,**

*Defendants-Appellees*

**CHARLIE KICKHAM, LOCKE RAPER,**

*Defendants*

---

2020-1959

---

Appeal from the United States District Court for the Southern District of New York in No. 1:19-cv-00180-PAE, Judge Paul A. Engelmayer.

---

Decided: March 22, 2021

---

STEVEN ROYAL FAIRCHILD, Fairchild Law, LLC, Brooklyn, NY, for plaintiff-appellant.

LAWRENCE B. GOODWIN, Lawrence B. Goodwin, PLLC, New York, NY, for defendants-appellees.

---

Before DYK, LINN, and MOORE, *Circuit Judges.*

PER CURIAM.

Alfred Pirri, Jr., appeals a decision of the United States District Court for the Southern District of New York awarding Defendants Lori Cheek and Cheek'd, Inc., (collectively, Defendants) attorneys' fees under 35 U.S.C. § 285 and holding Mr. Pirri's counsel, Steven R. Fairchild, liable for those fees. *Pirri v. Cheek*, No. 1:19-cv-180, 2020 WL 2520593 (S.D.N.Y. May 18, 2020) (*District Court Op.*). Defendants move for appellate attorneys' fees and double costs under Federal Rule of Appellate Procedure 38. For the following reasons, we affirm and grant Defendants' motion.

## BACKGROUND

Mr. Pirri sued Defendants and Joanne Richards, Mr. Pirri's therapist, for various claims related to U.S. Patent No. 8,543,465.[1] The '465 patent is directed to a method for initiating an online relationship with a personal offline introduction, *i.e.*, online dating in reverse. Under 35 U.S.C. § 256, Mr. Pirri sought to be named as an inventor of that patent. He claimed that he had conceived of the invention and shared it with Ms. Richards, who then shared it with Ms. Cheek. It was only after seeing Ms. Cheek on a rerun of the television series Shark Tank, Mr. Pirri contends, that he discovered Ms. Richards had betrayed his confidence. Mr. Pirri also brought breach of fiduciary duty and fraud claims against Ms. Richards and conversion and unjust enrichment claims against Defendants. He also sought an accounting under 35 U.S.C. § 262.

---

[1]    Ms. Cheek is one of three named inventors of the '465 patent. Mr. Pirri also sued, but did not serve, the two other inventors: Charlie Kickham and Locke Raper.

Early in the case, the district court dismissed several of Mr. Pirri's claims. At the initial pretrial conference, Mr. Pirri voluntarily dismissed some of the state-law claims and his joint inventorship claim against Ms. Richards. Then, the district court dismissed the remaining state-law claims, finding they were "obviously time-barred." J.A. 3. Thus, only Mr. Pirri's joint inventorship claim against Defendants remained. Based on the district court's dismissal, Defendants sought Rule 11 sanctions. They argued that no competent attorney could have reasonably believed the state-law claims were not time-barred. The district court declined to impose sanctions because, at that time, Mr. Pirri had not clearly abused the judicial system.

A month later, Mr. Pirri sought leave to amend his complaint. His Proposed Amended Complaint (PAC) added several new defendants and a litany of new claims. He alleged Ms. Cheek's colleague should be listed as a co-inventor based on interviews Ms. Cheek had given. In those interviews, Ms. Cheek recounted how she saw her colleague write a pick-up line on a napkin and give it to a woman, thereby getting a date and giving Ms. Cheek a business idea. Mr. Pirri also claimed that, by Defendants own admission, the '465 patent was the product of a twenty-person brainstorm. So in Mr. Pirri's view, Ms. Cheek committed fraud when she signed the inventor oath swearing the information in her patent application, including inventorship, was accurate. Mr. Pirri also claimed Ms. Cheek had defamed him based on his sexual orientation and mental health. In one count, for example, Mr. Pirri alleged Ms. Cheek had sent a letter to Congressman Jerrold Nadler stating Mr. Pirri thought of the dating app idea in a mental facility (the Nadler Letter). In addition to these civil wrongs, Mr. Pirri claimed Ms. Cheek violated 18 U.S.C. § 1001, which criminalizes lying in any matter within the jurisdiction of the federal government.

The district court denied Mr. Pirri's motion to amend as futile. For Mr. Pirri's joint inventorship claims, the district court reasoned that Mr. Pirri had failed to establish or articulate a theory of standing relating to the supposed inventorship of the twenty-plus joint inventors other than Mr. Pirri. He had failed to explain how he had a personal concrete stake in, or an ability to seek redress for, injuries suffered by third parties, *i.e.*, Ms. Cheek's failure to name twenty-plus joint inventors. With respect to the state-law claims, the district court determined it lacked supplemental jurisdiction because those claims did not share a common nucleus of operative fact with Mr. Pirri's joint inventorship claims. It noted "'the facts underlying the defamation claims and the inventorship claims rely on unrelated facts that occurred nearly a decade apart' and implicated distinct legal tests." J.A. 6 (quoting J.A. 148). It also "found that [Mr.] Pirri's defamation claims 'clearly turn on different events occurring at vastly different time periods' and 'are not properly resolved in the same lawsuit.'" J.A. 6–7 (quoting J.A. 148).

Despite the district court's dismissal of Ms. Richards from the case, Mr. Pirri continued to seek discovery from her. He first subpoenaed Ms. Richards' employment records. When Ms. Richards' counsel moved to quash, Mr. Pirri withdrew the subpoena. Then, in requesting an extension of time to complete discovery, Mr. Pirri represented that he intended to depose Ms. Richards and subpoena additional employment documents. The court denied Mr. Pirri's request, holding that discovery would not be relevant to Mr. Pirri's only remaining claim (joint inventorship) against the only remaining defendants (Ms. Cheek and Cheek'd).

Eight days before discovery closed, Mr. Pirri attempted to voluntarily dismiss his complaint with prejudice and without triggering attorneys' fees under 35 U.S.C. § 285. He claimed dismissal was necessary because he faced potential danger from complete strangers. This danger,

Mr. Pirri claimed, flowed from Ms. Cheek's defamatory and slanderous conduct, the same conduct alleged in the PAC. He also claimed dismissal would conserve judicial resources because discovery had not completed and because neither party had taken a deposition. Defendants opposed. They contended that Mr. Pirri was seeking an advisory opinion on attorneys' fees, had unilaterally delayed discovery, and had filed a separate state-court suit, which undercut his claim of fearing for his life. The district court denied Mr. Pirri's motion as premature.

Six days later, Mr. Pirri renewed his request to dismiss his joint inventorship claim. Apart from rehashing previous arguments, he argued collateral estoppel precluded a fee award because the district court had denied Defendants' motion for Rule 11 sanctions. He further argued Defendants had unclean hands, barring it from recovering fees. For support, Mr. Pirri relied on the defamation allegations in his PAC, supplemented by allegations that Ms. Cheek violated the New York Hate Crimes statute. Defendants opposed, arguing that dismissal before summary judgment would open the door for Mr. Pirri to argue his case was not dismissed on the merits. The district court agreed with Defendants and denied the motion.

Two months later, the district court held a pre-summary judgment conference. Before that conference, the court ordered Mr. Pirri to file a letter indicating whether and on what grounds he would oppose summary judgment. Mr. Pirri responded that he would oppose summary judgment because of unresolved factual disputes exacerbated by the truncated discovery period. He claimed that, since no depositions had been taken, a "vast sea of unresolved disputes" existed. J.A. 194. While it appears that depositions were scheduled for Mr. Pirri and Ms. Cheek, Mr. Pirri had unilaterally postponed both depositions. Again, he rehashed many arguments contained in the PAC, which had been rejected. During the pre-summary judgment conference, Mr. Pirri's counsel was initially amenable to a

dismissal with prejudice, but balked at conceding Defendants were entitled to summary judgment. Questioned about the evidence in support of Mr. Pirri's claims, counsel provided none.

The district court then set a summary judgment briefing schedule and provided Mr. Pirri's counsel five days to file a letter indicating whether his client would concede the entry of summary judgment. Mr. Pirri's counsel instead filed a letter renewing his motion to voluntarily dismiss the complaint. The letter also stated Mr. Pirri would continue to oppose summary judgment if the motion was not granted. Defendants opposed dismissal, pointing out how it directly contravened the district court's order. Mr. Pirri responded that his letter requested dismissal with prejudice. The district court agreed that Mr. Pirri did not comply with its order and directed Mr. Pirri to either consent to summary judgment or oppose summary judgment on a good-faith basis. Mr. Pirri consented to summary judgment, which the district court granted in Defendants' favor.

Defendants moved for attorneys' fees under 35 U.S.C. § 285, 28 U.S.C. § 1927, and the district court's inherent authority. Rather than requesting fees for the entire suit, Defendants only sought fees starting in October 2019, when document discovery closed. The district court granted Defendants' motion after determining, in no uncertain terms, the case was exceptional:

- Indeed, in the [district court]'s more than eight-and-one-half years on the bench, Mr. Pirri's filings stand apart from those of other failed civil plaintiffs for the sheer lack of colorable factual (or legal) support; for their tendentious, bizarre, non-responsive and caustically accusatory arguments; and for their disregard for, and selective presentation of, evidence.

*District Court Op.* at \*11.  It found Mr. Pirri's arguments were often objectively unreasonable, baseless, or frivolous. As an example, the district court recounted Mr. Pirri's claim that Ms. Cheek intended to "out" him as a homosexual man.  *Id.*  Those claims focused on a single social media post in which Ms. Cheek sought to highlight Mr. Pirri and his counsel's conduct: "[f]rom this day forward, my mission will be the following . . . [t]o 'out' this case, this man and his law firm to the world."  J.A. 257.  Mr. Pirri latched onto one word in that post, "out," to craft defamation and hate-crime allegations.  In fact, the district court noted Mr. Pirri failed to provide any evidence showing Defendants knew of his sexual orientation.  *District Court Op.* at \*11 n.4.  The district court went on to describe other examples of outlandish allegations based on factual misrepresentations. *Id.* at \*11–12.  In light of that conduct and based on its intimate familiarity with the parties and record, the district court awarded fees under § 285.  *Id.* at \*12.  Because Mr. Fairchild, as Mr. Pirri's counsel, prepared, signed, and filed all the relevant submissions, the district court held that it was appropriate for him to bear the liability for the fees.  *Id.*  Mr. Pirri appeals.  We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

### I

A "court in exceptional cases may award reasonable attorney fees to the prevailing party."  35 U.S.C. § 285.  "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated."  *Octane Fitness, LLC v. ICON  Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).  A district court "determine[s] whether a case is 'exceptional' in the case-by-case exercise of [its] discretion, considering the totality of the circumstances."  *Highmark  Inc.  v.  Allcare  Health*

*Mgmt. Sys., Inc.*, 572 U.S. 559, 561 (2014). Accordingly, we "review all aspects of a district court's § 285 determination for abuse of discretion." *Id.*

The district court did not abuse its discretion in awarding fees. It found that Mr. Pirri's arguments below were neither grounded in fact nor supported by law. In reaching that finding, the district court noted how Mr. Pirri regularly removed statements from their context and twisted them to support outlandish accusations, *e.g.*, his baseless "outing" allegation. The district court also noted how Mr. Pirri continued to push frivolous arguments after the district court had definitively rejected them. Despite the district court's denial of his motion to amend his complaint, Mr. Pirri relied on defamation allegations in that complaint to excuse his own inability to complete discovery. The district court described how Mr. Pirri continued that conduct through the very end of the litigation. Having dealt with Mr. Pirri at every stage, the district court was in the best position to evaluate whether fees were warranted. And we see no reason to set aside the district court's exercise of its discretion on that point. We thus affirm the district court's grant of fees.

II

As noted, Defendants request their appellate attorneys' fees and double costs. Docket No. 26. They argue Mr. Pirri's appeal is frivolous as filed and as argued. *Id.* Mr. Pirri opposes, contending that "Counsel for Ms. Cheek ('Counselor Goodwin') files frivolous sanctions motions as regularly as other people drink coffee." Docket No. 30 at 1. In addition to opposing Defendants' request for appellate fees, Mr. Pirri "requests that Ms. Cheek and Counselor Goodwin pay reasonable costs, including attorneys' fees, for the entire appeal for bringing this frivolous motion after cheating before the [l]ower [c]ourt." *Id.* Having considered all the parties' filings, we hold Mr. Pirri's appeal has been frivolously argued. We, therefore, grant Defendants'

request for fees and double costs.  We also hold Mr. Pirri's counsel, Mr. Fairchild, jointly and severally liable for those fees.

"If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38.  Early in our history, we adopted a policy of vigorously enforcing Rule 38.  *See* Practice Note to Fed. R. App. P. 38 in Fed. Cir. Rules (citing *Asberry v. United States*, 692 F.2d 1378 (Fed. Cir. 1982)).  "Frivolous appeals waste both the public resources supplied to this court and the resources of prevailing litigants that must defend such frivolous actions." *Walker v. Health Int'l Corp.*, 845 F.3d 1148, 1156 (Fed. Cir. 2017).

An appeal may be frivolous as filed or as argued.  *Id.* at 1154.  "[A]n appeal is frivolous as filed when the judgment by the tribunal below was so plainly correct and the legal authority contrary to appellant's position so clear that there really is no appealable issue." *Id.*  "[A]n appeal is frivolous as argued when the appellant's misconduct in arguing the appeal justifies such a holding." *Id.* (internal quotation omitted).  "Such misconduct can include manufacturing arguments by distorting the record, by disregarding or mischaracterizing the clear authority against its position, and by attempting to draw illogical deductions from the facts and the law." *Id.* (internal quotation omitted).  When an appeal is frivolous as argued, we may hold a party's counsel jointly and severally liable. *Id.* at 1157.

A

Mr. Pirri's appeal is frivolous as argued.  Through his counsel, Mr. Pirri distorts the factual and legal bases for the district court's fee award.  He characterizes the district court as ruling on issues never raised or addressed below. And he leverages inapposite legal doctrines to make arguments that can only be described as baffling.  Put simply,

Mr. Pirri's merits briefing far exceeds the bounds of proper decorum.  We only recount a few examples of misconduct here.

First, Mr. Pirri argues "the [l]ower [c]ourt misapplied the Federal Rules of Civil Procedure." Appellant Reply Br. at 1.  He claims the district court should not have considered the Nadler Letter in awarding fees because Ms. Cheek "withheld" that letter in an act of "classic gamesmanship." *Id.* at 1; *see also* Appellant Br. at 27–29.  He therefore argues the Letter should have been excluded under Federal Rules of Civil Procedure 26 and 37.

But Mr. Pirri distorts the district court's treatment of the Nadler Letter.  First, he never asked the court to exclude the letter.  Second, the Nadler Letter was not withheld in an act of gamesmanship, but because it was not relevant to the inventorship claim, the only issue that remained in the case..  Third, Mr. Pirri never sought to compel production of the Nadler Letter pursuant to Rule 37, so how can it be that the court somehow erred in its treatment of the letter under Rule 37?  Finally, it was actually Mr. Pirri, not Ms. Cheek, who first attempted to rely upon the letter.  Mr. Pirri and his counsel cited the Nadler Letter *to support* his fees opposition.  J.A. 225–26; *see also, e.g.*, J.A. 225 (Mr. Pirri's Opposition to § 285 Fees Motion), 261 (State-Court Complaint).  In fact, Mr. Pirri purported to quote from the letter in his filings to the court.  *See, e.g.*, J.A. 225 ("For instance, Defendant sent a letter to Congressman Nadler where she stated that Plaintiff Pirri thought of 'her idea while in a mental facility.'"); J.A. 261 ("The tweet recounts how Defendant Cheek sent a letter to Congressman Jerry Nadler in which it states that Plaintiff Pirri thought of 'her idea while in a mental facility.'").[2]  Mr.

---

[2]    he Nadler Letter makes clear that Mr. Pirri's claims about the content of the letter were completely inaccurate.  J.A. 287.  Ms. Cheek was expressing concerns

Pirri and his counsel made these representations about the Nadler Letter to the court despite having never seen it. It is unsurprising that Ms. Cheek would submit it in rebuttal to refute the entirely unsubstantiated and false assertions about its content.

Mr. Pirri's claims that the district court erred in granting attorneys' fees because it misapplied Rues 26 and 37 are completely frivolous. Nothing about the order on appeal, which awarded attorneys' fees to Defendants, relates to Rules 26 or 37.

Mr. Pirri next argues the district court misapplied judicial estoppel and collateral estoppel. Appellant Reply Br. at 1–2. With respect to his judicial estoppel claims, he contends that Defendants took inconsistent positions by first arguing against Mr. Pirri's motion for leave to amend and then "litigat[ing] the state claims in the abbreviated briefing of a motion under 35 USC [sic] § 285." Appellant Reply Br. at 2. With respect to the collateral estoppel claims, Mr. Pirri argues the district court "first held that the tort claims needed their own discovery and a full lawsuit. Yet, it radically changed course and dismissed them all without allowing for any discovery." *Id.* Both of these arguments relate to a broader theme in Mr. Pirri's briefing: that the district court somehow "effectively dismissed an entirely separate lawsuit which it had denied jurisdiction over." Appellant Br. at 10. He claims that he "was never given any notice that the allegations of [his] *state court* complaint might be dismissed by the same court that previously denied jurisdiction over them." *Id.* at 12 (emphasis added).

Again, Mr. Pirri distorts the district court's actions. That court could not have "misapplied judicial estoppel" when it did not, and was never asked to, apply that

---

about *large companies* using her invention without permission. *i.e.*, "efficient infringement." *Id.*

doctrine.  Likewise, the district court could not have "misapplied collateral estoppel."  While Mr. Pirri raised collateral estoppel below, he did so in a very different context.  He claimed the district court was estopped from awarding fees under § 285 because it had previously denied Defendants' motion for Rule 11 sanctions.  No similar argument is raised on appeal.  Instead, Mr. Pirri claims the district court was estopped from awarding fees because it dismissed his state law claims for want of jurisdiction.  Those arguments are fundamentally different.  Finally, the district court did not, and could not, dismiss Mr. Pirri's co-pending state court action.  It denied Mr. Pirri leave to amend his complaint to add those allegations, but it encouraged him to file in state court: "Mr. Pirri, of course, is at liberty to pursue [the PAC] claims in a separate action, in a court of competent jurisdiction."  J.A. 143.  It did, of course, rely on misrepresentations of fact contained in Mr. Pirri's PAC to support its award of fees.  But recognizing misrepresentations of fact does not amount to a dismissal under any relevant rule of civil procedure.  Mr. Pirri's claims on appeal related to judicial and collateral estoppel are completely frivolous and consistently misrepresent the record and holdings below.

Mr. Pirri also claims "the [l]ower [c]ourt violated Second Circuit case law on sanctions against attorneys."  Appellant Reply Br. at 1.  Specifically, he claims "the [l]ower [c]ourt never provided any notice that it would sanction Mr. Pirri's attorney for arguing that Ms. Cheeks' behavior had crossed the line."  Appellant Br. at 30.  But Defendants' motion for fees makes clear that it sought fees from Mr. Fairchild personally:

- Defendants Cheek and Cheek'd Inc. . . . seek to recover attorney's fees incurred by them after document discovery . . . against *plaintiff and/or his counsel* under 35 U.S.C. 285, 28 U.S.C. 1927, and the [c]ourt's inherent power." . . .

J.A. 220 (emphasis added). Any reasonable, competent attorney would be on notice of the potential for personal fee liability. The district court was not required to explain such a clear request to Mr. Pirri or his counsel before awarding fees and holding Mr. Fairchild liable.

As these examples show, Mr. Pirri mischaracterizes the district court's actions in an effort to make frivolous arguments for reversal. Mr. Fairchild signed off on each of these arguments. We have sanctioned parties for far less. *See, e.g.*, *In re Violation of Rule 38*, 647 F.3d 1370, 1373 (Fed. Cir. 2011) (sanctioning party for raising eight frivolous issues on appeal); *Finch v. Hughes Aircraft Co.*, 926 F.2d 1574, 1583 (Fed. Cir. 1991) (awarding double costs because the appellant's "decision to file this appeal c[ould have] only be[en] seen as a frivolous waste of the resources of this court and of the time and money of his hapless opponent" where there were multiple grounds to affirm the underlying opinion, each of which "would be sufficient to require affirmance"). Thus, Mr. Pirri's merits briefing alone justify sanction.

B

But Mr. Pirri and Mr. Fairchild's conduct gets worse. In opposing Defendants' motion for appellate fees, Mr. Pirri abandoned any remaining semblance of decorum. He, again, raises arguments that were not briefed or ruled upon below. *See, e.g.*, Docket No. 30 at 8–10 (seeking discovery sanctions, which were not sought below). But he goes further, devolving into unfounded personal attacks against Defendants and their counsel. Such accusations have no place in our judicial system.

Mr. Pirri's opposition brief repeatedly takes aim at Defendants and their counsel on a personal level:

- "Counsel for Ms. Cheek ('Counselor Goodwin') files frivolous sanctions motions as regularly as other people drink coffee." Docket No. 30 at 1.

- "[Mr. Goodwin] finally won [a fees motion below] **by cheating**." *Id.* (bolded and underlined in original).

- "Appellant requests that Ms. Cheek and Counselor Goodwin pay reasonable costs, including attorneys' fees, for the entire appeal for bringing this frivolous motion after cheating before the Lower Court." *Id.*

- "In the Appellee's Responsive Brief, Counselor Goodwin claims that he included the Nadler Letter 'to rebut, and only to rebut, the false allegations made by [Mr.] Pirri in his opposition to his motion.' **This is an outright lie**." *Id.* at 5 (internal citation omitted; bolded and underlined in original).

- "Put simply, Counsellor [sic] Goodwin cheated to win." *Id.* at 6.

- "Appellee's motion is beyond frivolous. Appellee and her counsel 'double down' on their cheating before the Lower Court and the lackluster, anemic arguments conveyed in the Appellee's Brief." *Id.* at 9.

- "Counselor Goodwin cheated to win." *Id.* at 9.

- "Counselor Goodwin's gamesmanship is exceptional." *Id.* at 10.

- Sanctioning Defendants "is a [sic] reasonable in light of the fact that they cheated to win." *Id.*

- "Counselor Goodwin routinely files frivolous sanctions motions and this is no different." *Id.* at 11.

None of those accusations have a basis in fact. No evidence has been presented that Defendants made frivolous arguments, cheated, or lied. Indeed, they patiently responded

to Mr. Pirri's shifting-sands, unfounded accusations. We have sanctioned counsel under Rule 38 in similar circumstances, when counsel lofted serious accusations against opposing counsel without support:

- Particularly troubling are Walker's baseless assertions of misconduct against his opposing counsel and continued misrepresentation of clear, binding Supreme Court precedent even after the distortion was pointed out by opposing counsel. The continued misrepresentation standing alone is a very serious matter that could warrant sanctions.

*Walker v. Health Int'l Corp.*, 845 F.3d 1148, 1157 (Fed. Cir. 2017) (awarding entire requested amount of sanctions, $51,801.88 and holding counsel jointly and severally liable).

C

We also note that the fact that the appeal includes the wisp of an argument that may be colorable is not a basis for denying fees. Here, Mr. Pirri contends that a fee award was inappropriate because "Ms. Cheek litigated in a 'highly unreasonable' manner" by allegedly making inappropriate out-of-court statements. Appellant's Br. 5. Attorneys' fees under § 285 are judged by the "totality of the circumstances." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). Mr. Pirri points out that a party's out-of-court conduct has been found to be relevant in at least one district court case applying a different fees provision. *See Edwards v. Vemma Nutrition*, No. 17-2133, 2019 WL 5684192, at *9 (D. Az. 2019) ("The Court finds that [plaintiff's] out-of-court conduct in personally leaving hostile messages for [a defendant] weighs in favor of awarding fees"). Mr. Pirri alleges that during litigation Ms. Cheek described him as "a scammer, grifter and troll" to a journalist and retweeted "a disturbing statement" stating that Mr. Pirri "thought of her idea while staying in a

Mental Facility." Appellant's Br. 18–19.   However, Mr. Pirri provided no admissible evidence that Ms. Cheek made the alleged statement to the journalist or that she adopted the statement by retweeting it.   In any event, even if we were to treat this one argument as colorable, it is well-established that making multiple frivolous arguments cannot be excused by the fact that the appeal included a single non-frivolous argument.  *See S.R. Mercantile Corp. v. Maloney*, 909 F.2d 79, 83 (2d Cir. 1990) (awarding sanctions pursuant to Fed. R. App. P. 38 because, "[e]ven if we give [appellant] the benefit of the doubt and find a hint of a valid issue in his claim . . ., sanctions would still be appropriate because the bulk of his claims are completely devoid of merit"); *Granado v. C.I.R.*, 792 F.2d 91, 94 (7th Cir. 1986) ("We also find that sanctions by this court are appropriate. Although appellant raised one nonfrivolous argument, 22 of the 24 pages of his opening brief are devoted to frivolous arguments."); *see also Fox v. Vice*, 563 U.S. 826, 834 (2011) (addressing fees awarded under 42 U.S.C. § 1988 and explaining that "the presence of reasonable allegations in a suit does not immunize the plaintiff against paying for the fees that his frivolous claims imposed").

## D

For the foregoing reasons, we hold that Defendants are entitled to appellate fees and double costs.  We do not award sanctions lightly, but Mr. Pirri's conduct, effected through his counsel, is egregious.  And it justifies such exceptional sanctions.  Because Mr. Pirri's vexatious conduct flowed through his counsel, we hold Mr. Pirri and Mr. Fairchild jointly and severally liable.

## CONCLUSION

Because the district court did not abuse its discretion, we affirm.  Because Mr. Pirri's appeal is frivolous as argued, we grant Defendants' motion for fees and double costs.  That sanction should be paid in the same way as costs.  *See* Fed. Cir. R. 39.

**AFFIRMED**

COSTS

Appellate fees and double costs to Defendants.